UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS C.,[1] <br><br> Plaintiff <br><br> v. <br><br> KILOLO KIJAKAJI, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 5:22-cv-01888-GJS <br><br> **MEMORANDUM OPINION AND ORDER** |

## I.   PROCEDURAL HISTORY

Plaintiff Luis C. ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act").  The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkt. 11 and 12] and briefs [Dkt. 20 ("Pl. Br.") and 24 ("Def. Br.")] addressing a disputed issue in the case.  The matter is now ready for decision.  For the reasons set forth below, the Court finds that this matter should be remanded.

---

[1]   In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party.

## II.    ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff filed an application for DIB on June 29, 2018, alleging disability beginning May 5, 2012. [Dkt. 17, Administrative Record ("AR") 16, 186-87.] Plaintiff's application was denied at the initial level of review and on reconsideration. [AR 16, 101-03, 105-07.] A telephone hearing was held before Administrative Law Judge Paula M. Martin ("the ALJ") on June 16, 2021. [AR 16, 32-54.]

In a decision dated September 28, 2021, the ALJ found Plaintiff was not disabled, as defined by the Act. [AR 16-25.] The ALJ noted Plaintiff had been found not disabled in a prior administrative law judge decision, dated March 21, 2017, and Plaintiff last met the insured status requirements on December 31, 2017. [AR 19.] Therefore, the ALJ determined that the relevant period at issue in this case is from March 22, 2017, the day after the prior administrative law judge decision, through December 31, 2017, Plaintiff's date last insured. [AR 19.]

The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 404.1520. [AR 16-25]; *see* 20 C.F.R. § 404.1520(b)-(g)(1). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the period beginning March 22, 2017, the day after the prior administrative law judge decision, through his date last insured of December 31, 2017. [AR 19.] At step two, the ALJ determined that Plaintiff has the following severe impairment: degenerative disc disease of the bilateral ankles. [AR 19.] At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix I of the Regulations. [AR 20]; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1. Next, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform a light work, as defined in 20 C.F.R. § 404.1567(b), except he can occasionally operate bilateral foot controls. [AR 32.] At step four, the ALJ determined that Plaintiff is unable to perform any past relevant work. [AR 23-24.]

1  At step five, the ALJ found that Plaintiff could perform other work that exists in
2  significant numbers in the national economy, such as the representative occupations
3  of cashier II, factory worker, and ticket seller.  [AR 24-25.]  Based on these
4  findings, the ALJ concluded that Plaintiff has not been under a disability at any time
5  from March 22, 2017, the day after the prior administrative law judge decision,
6  through December 31, 2017, his date last insured.  [AR 25.]
7  　　　　The Appeals Council denied review of the ALJ's decision on September 12,
8  2022.  [AR 1-6.]  This action followed.
9  　　　　Plaintiff now contends that the ALJ failed to properly assess his subjective
10 symptom testimony.  [Pl. Br. at 6-14.]
11 　　　　The Commissioner asserts that the ALJ's decision is supported by substantial
12 evidence and should be affirmed.  [Def. Br. at 2-9.]

### III.   GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if:  (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards.  *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  "Substantial evidence … is 'more than a mere scintilla' … [i]t means – and only means – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) ("[s]ubstantial evidence is more than a mere scintilla but less than a preponderance") (internal quotation marks and citation omitted).

The Court will uphold the Commissioner's decision when "'the evidence is susceptible to more than one rational interpretation.'"  *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir.

1989)). However, the Court may review only the reasons stated by the ALJ in the decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or that, despite the error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

## IV. DISCUSSION

Plaintiff contends the ALJ failed to provide specific, clear, and convincing reasons for discounting his subjective symptom testimony. [Pl. Br. at 6-12.]

In evaluating a claimant's subjective symptom testimony, an ALJ must engage in a two-step analysis. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); 20 C.F.R. § 404.1529. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment, which "'could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). Second, if the claimant meets the first step and there is no evidence of malingering, "'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036; (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ must specifically identify the symptom testimony that is being rejected and the "facts in the record [that] lead to that conclusion." *Smolen*, 80 F.3d at 1284; *see also* Soc. Sec. Ruling 16-3p Titles II & XVI: Evaluation of Symptoms in Disability Claims, SSR 16-3P, 2017 WL 5180304, *4 (S.S.A. Oct. 25, 2017) (explaining that the ALJ must "evaluate the intensity and persistence of [the] individual's symptoms ... and determine the extent to which [those] symptoms limit [his] ... ability to perform work-related activities

...."). At the same time, the "ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to the Social Security Act." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (citation and internal quotation marks omitted).

Plaintiff asserts that he is disabled due to problems with his ankles and feet.[2] [AR 38-46.] Plaintiff also complained that he has difficulty sitting, standing, and walking. [AR 41-46.]

The ALJ discounted Plaintiff's testimony based on a lack of supporting, objective medical evidence. [AR 21-23 ("[m]ultiple physical examinations … reveal no objective evidence that shows the claimant had difficulty ambulating … [or] required an assistive device"; "claimant was noted to have full motor strength and normal sensation"; "no evidence of swelling or edema in his legs"; "[t]he physical findings from the claimant's routine office visits remained generally stable during the period at issue").] While objective medical evidence is a useful factor to consider in evaluating the intensity and persistence of symptoms, the lack of corroborating medical evidence cannot provide the sole basis for rejecting subjective symptom testimony. *See Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017) ("an ALJ 'may not disregard [a claimant's testimony] solely because it is not substantiated affirmatively by objective medical evidence'" (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)); *see also* SSR 16-3p, 2017 WL 5180304 at *5 ("We will not evaluate an individual's symptoms based solely on objective medical evidence unless that objective medical evidence supports a finding that the individual is disabled.").

---

[2] The ALJ determined that although Plaintiff complained of back pain, there was no medical evidence "to substantiate the existence of a medically determinable impairment through the date last insured." [AR 20, 22.] Plaintiff does not challenge this finding.

The ALJ further found that Plaintiff's treatment was generally "routine and conservative" during the period at issue, as his treatment included only "oral medications," rather than "more aggressive treatment." [AR 21-22.] The conservative nature of a claimant's treatment may factor into the evaluation of a claimant's subjective complaints. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007). Here, however, the record shows that Plaintiff regularly sought medical treatment for pain throughout the relevant period and was consistently prescribed a narcotic pain medication (Norco). [AR 267-73.] Other records also show that Plaintiff received multiple steroid injections and trigger point injections, which provided varying levels of pain relief. [AR 274, 283, 285, 287, 289, 293.] While there is no indication Plaintiff received any steroid injections or trigger point injections during the period at issue, Plaintiff's treatment cannot properly be characterized as "conservative," within the meaning of Ninth Circuit jurisprudence. *See, e.g.*, *Teresa M. W. v. Kijakazi*, No. 5:21-CV-00564-JC, 2022 WL 3586208, at *5 (C.D. Cal. Aug. 22, 2022) ("it is doubtful that plaintiff's consistent treatment with narcotic pain medications may properly be characterized as 'conservative'"); *Aguilar v. Colvin*, No. CV 13-08307-VBK, 2014 WL 3557308, at *8 (C.D. Cal. July 18, 2014) ("It would be difficult to fault Plaintiff for overly conservative treatment when he has been prescribed strong narcotic pain medications."); *Christie v. Astrue*, No. CV 10-3448-PJW, 2011 WL 4368189, at *4 (C.D. Cal. Sept. 16, 2011) (refusing to characterize as "conservative," treatment that included narcotic pain medication, steroid injections, trigger point injections, epidural shots, and traction).

The ALJ further noted that Plaintiff was treated with medications by "a nurse practitioner" during "routine office visits" and was not referred to a specialist during the relevant period. [AR 21-22.] The ALJ asserted that the absence of a specialist suggests Plaintiff's symptoms and limitations were not as severe as alleged. [AR 21.] However, the fact that Plaintiff received treatment from a nurse practitioner, rather than a specialist, does not undermine Plaintiff's subjective symptom

testimony. Because Plaintiff filed his application for DIB after March 27, 2017, the new regulations for evaluating medical opinion evidence apply in this case. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017). Under the new regulations, a nurse practitioner is considered an "acceptable medical source" and the previous hierarchy in the evaluation of medical opinion evidence no longer applies. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022); *see also* 20 C.F.R. § 404.1502(a)(7) (acceptable medical sources include licensed advanced practice registered nurses). Thus, the lack of a referral to a specialist was not a legitimate reason for rejecting Plaintiff's testimony.

Defendant asserts the ALJ found that "Plaintiff's failure to seek other treatment during the relevant period also undermined his symptom allegations." [Def. Br. at 8.] The ALJ, however, did not cite Plaintiff's alleged failure to seek treatment as a reason for discounting his testimony. *See Orn*, 495 F.3d at 630 (The ALJ's decision may not be affirmed "on a ground upon which he did not rely."). While Plaintiff's alleged failure to seek additional treatment might be a valid reason to discount his testimony, it is for the ALJ to make this determination in the context of the complete record (including, for example, any additional evidence that painkillers sufficiently controlled Plaintiff's pain and also whether the side effects of such medication interfered with Plaintiff's ability to function).

Accordingly, the ALJ's consideration of Plaintiff's subjective symptom testimony is not supported by substantial evidence.

## V.   REMAND FOR FURTHER PROCEEDINGS

The Court has discretion to remand or reverse and award benefits. *See Trevizo*, 871 F.3d at 682. It may be appropriate to direct an immediate award of benefits when the record has been fully developed, no useful purpose would be served by further proceedings, and the ALJ has failed to provide legally sufficient

reasons for rejecting evidence. *Id.* (citing *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014)). But when there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand for further proceedings is appropriate. *See Garrison*, 759 F.3d at 1021; *Harman v. Apfel*, 211 F.3d 1172, 1180-81 (9th Cir. 2000) (remand for further proceedings rather than for the immediate payment of benefits is appropriate where there are "sufficient unanswered questions in the record").

In this case, there are outstanding issues that must be resolved before a proper disability determination can be made. While the ALJ failed to adequately address Plaintiff's subjective symptom testimony, the ALJ made numerous, detailed findings based on the objective medical evidence that raise questions about Plaintiff's level of functioning. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1104 (9th Cir. 2014) (finding that the record was "uncertain and ambiguous" and remand was warranted where there were "significant factual conflicts in the record between [the plaintiff's] testimony and objective medical evidence"). Therefore, the Court remands this case for further proceedings. *See Leon v. Berryhill*, 880 F.3d 1041, 1046 (9th Cir. 2017) ("A district court cannot proceed directly to credit a claimant's testimony as true and then look to the record to determine whether there are any issues outstanding, as 'this reverses the required order of analysis.'") (quoting *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015)); *see also Treichler*, 775 F.3d at 1106 ("[A] reviewing court is not required to credit claimants' allegations regarding the extent of their impairments as true merely because the ALJ made a legal error in discrediting their testimony.").

/ / /

/ / /

/ / /

/ / /

## VI.  CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS ORDERED.**

DATED:  September 18, 2023

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE